## THE WILLIAM L. NORMAN.[1]

### SMITH v. THE WILLIAM L. NORMAN.

#### (District Court, E. D. New York. November 20, 1891.)

SEAMEN'S WAGES—CANAL-BOATS—REV. ST. § 4251—WHAT IS CANAL-BOAT.
    Section 4251, Rev. St. U. S., provides that "no canal-boat * * * shall be subject to be libeled in any of the United States courts for the wages of any person who may be employed on board thereof," etc. On suit brought for the value of services rendered by the libelant on board the William L. Norman, in form a canalboat, held, that a vessel engaged in navigating canals is a canal-boat, within the meaning of the statute, without reference to its form, and a boat not engaged in navigating canals is not a canal boat, within the meaning of the statute, whatever may be its form.

In Admiralty. Suit against the William L. Norman to recover wages.
Stewart & Macklin, for libelant.
Peter S. Carter, for claimant.

BENEDICT, District Judge. This is an action to recover for services rendered by the libelant on board a vessel called the William L. Norman. This vessel was in form a canal-boat, and was employed in navigating the canal until April in the year 1889, when she changed owners. Since that time the vessel has not been engaged in navigating the canal, but has been employed in the harbor of New York, in transporting grain and other articles about the harbor. The principal question in the case is whether this boat is exempted from liability to be proceeded against for wages by reason of section 4251 of the Revised Statutes of the United States, which provide as follows:

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

"No canal-boat, without masts or steam-power, which is required to be registered, licensed, or enrolled and licensed, shall be subject to be libeled in any of the United States courts for the wages of any person who may be employed on board thereof, or in navigating the same."

No case is found where this question has been decided. It is new in this court. Looking to the object of the statute, it seems to me that it must be held that the words "canal-boat," as used in the statute, refer to the employment in which the vessel is engaged at the time of the rendition of the service, and not to the form of the vessel. A vessel engaged in navigating the canals should, I think, be held to be a canal-boat, within the meaning of this statute, without reference to its form. A boat not engaged in navigating canals is, in my opinion, not a canal-boat, within the meaning of this statute, whatever may be its form. In this view the statute is no obstacle to the present action.

As to the defense that the boat has been sold since the rendition of the service, my opinion is that the transfer of the boat disclosed by the evidence does not affect the libelant's lien, nor does the case show laches sufficient to deprive the libelant of the right to recover the wages due him. If the parties do not agree upon the amount due, let there be a reference.